AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Chad Allen Pease | ) | 6:24-mj- 1382 |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___See below___ in the county of ___Orange___ in the ___Middle___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Knowingly attempted to persuade or induce a minor to engage in an illegal sexual activity |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Albert Grooms, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   April 11, 2024

_____
*Judge's signature*

City and state:   Orlando, FL

Robert Norway, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**                                    **CASE NO. 6:24-mj-** 1382

**COUNTY OF ORANGE**

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Albert Grooms, being duly sworn, do hereby state the following:

1.      This affidavit is submitted in support of a criminal complaint against Chad PEASE for a violation of 18 U.S.C. § 2422(b) (Attempted Enticement). As set forth in more detail below, I believe there is probable cause that on or about February 3 and 4, 2024, PEASE, using facilities and means of interstate commerce, that is, the Internet and a cell phone, did knowingly attempt to persuade, induce, and entice an individual whom he believed had not attained the age of 18 years, to engage in sexual activity for which he could have been charged with lewd or lascivious battery (engage in sexual activity with a person 12 years of age or older but less than 16 years of age), in violation of Florida Statutes § 800.04(4)(a)(1) & (2), all in violation of 18 U.S.C. § 2422(b).

2.      I am a Special Agent (SA) employed with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), and have been so employed since June 2015. I am currently assigned to the Orlando, Florida, office of HSI, and my duties include the enforcement of federal criminal statutes, including but not limited to Titles 8, 18, 19, 21, and 31 of the United States Code. I am a law enforcement officer of the United States within the meaning of 19 U.S.C. § 1401(i) and am empowered to investigate and make arrests for violations of United States criminal laws within the meaning of 18 U.S.C. § 2510(7).

3.      My formal education includes a Bachelor's degree in Criminal Justice from American Military University and a Master's degree in Human Services Counseling: Criminal Justice from Liberty University. Through numerous advanced law enforcement-training programs, I have received specialized training in the investigations of sex crimes, child exploitation, child pornography, CSAM, and computer crimes. I have participated in training courses for the investigation and enforcement of child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography.

4.      I have been involved in investigations involving child pornography, the creation of child pornography, and online solicitation/enticement of minors. I have participated in investigations of persons suspected of violating federal child pornography laws, including violations of 18 U.S.C. §§ 2251, 2252, 2252A, 1470, and 2422. Additionally, I have authored and participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information.

5.      The allegations in this affidavit are based on my own investigation as well as information given to me by others, including agents and law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

## PROBABLE CAUSE STATEMENT

6.       On February 3, 2024, an HSI agent acting in an online undercover (UCA) role posted an ad on the Website Doublelist (www.doublist.com) which is commonly used to make romantic or sexual connections. The title of the ad was "Taboo fun!" and the body stated "Last night in town 2/3/24 and looking for someone who wants to experience some taboo fun. NSA NOT an esc*rt ad. Details: 40 years old, in (Kissimmee/Orlando)."

7.       Between 10:26 PM and 10:45 PM, the UCA received four emails replying to the ad and responded "[Phone number redacted] send me a text and we can discuss" to all four. One of these emails was received at 10:42 PM from the email address [XXXXXXX]1876@gmail.com (TARGET EMAIL) and contained the following message "Hello 47m here looking for some fun. Message me let's chat." This email address is registered to Chad PEASE in the Florida Department of Law Enforcement (FDLE) Sexual Offender and Predator System. At 10:53 PM, the UCA responded to the email with a phone number inviting PEASE to discuss further over text message.

8.       At 11:12 PM, the UCA received an SMS text message from 407-488-2103, (TARGET PHONE), later identified as PEASE. PEASE said that he got the UCA's number from Doublelist, to which the UCA replied "I have a younger student that needs a teacher" and "do you have any hard limits on age?" PEASE replied, "Don't really wanna go to jail" and indicated that he was worried that the UCA was law enforcement. The UCA told PEASE "shes 13" and asked if PEASE

3

was interested. PEASE responded that he was possibly interested.

9.      PEASE asked, "Has she ever been with anyone before," and "Hmmm how do we do this so we both know we are safe," and "How many other guys has she played with." PEASE also stated he was 47 and by International Drive when the UCA asked him his age, sex, and location.

10.     The UCA sent PEASE a digitally altered picture that was intended to depict a young teenaged female (the "decoy") and offered to meet at a public place to "vet eachother." PEASE mentioned the decoy was "pretty for sure" and asked where the UCA lived.

11.     The UCA asked PEASE if he was interested and he replied, "I really wanna," and "Just want to make sure we are both safe." PEASE also asked, "How did you meet the last guy," and "How did you get her into doing this if I can ask," to which the UCA explained "just had her start doing things at a young age." The UCA asked PEASE what he was interested in doing, and PEASE explained, "I'd like to eat her pussy and fuck her." Later in the conversation he asked again if he could "eat her pussy" and "Fuck her." PEASE also stated he would use a condom but is "fixed anyway."

12.     PEASE asked to Facetime and again mentioned being worried about the UCA being law enforcement. He then asked the UCA to provide a picture of the purported child with the time, date and PEASE's name on it. The UCA sent a picture depicting the decoy holding a sign with the requested info. PEASE asked what part of Kissimmee the UCA was in and "How do we make this happen then."

4

The UCA replied, "We can meet a a public spot and then you can follow us back to the Airbnb that way we can vet eachother." PEASE stated he wanted to select the location of the meet, but the UCA stated that he would feel more comfortable meeting at a specific nearby fast food restaurant.

13.    PEASE asked, "What age does she start messing around?", "Have you done anything with her?", and "Does she give oral?" At 12:38 AM, PEASE asked how far away the UCA was and then said he was at the agreed-upon fast food restaurant. The UCA told PEASE he would be driving a black truck and asked him what he was driving, PEASE stated "I'd prefer not to say". After that text, the UCA did not hear from PEASE again.

14.    On February 4, 2024, at the approximate time PEASE stated he was at the arranged meeting spot, a law enforcement officer with Osceola County Sheriff's Office (OCSO) recorded license plates of vehicles in and around the vicinity of the agreed-upon fast food restaurant. One of the vehicles the officer observed was a red 2022 Kia Sorrento bearing Georgia license plate xxxx845. A later check of the vehicle's registration revealed the vehicle was a rental car belonging to EAN Holdings LLC, doing business as Enterprise Rent-A-Car (Enterprise). On or about February 9, 2024, a detective with OCSO served Enterprise with a subpoena requesting subscriber information associated with the aforementioned vehicle. Enterprise responded, indicating that the vehicle had been rented by PEASE in Fort Pierce, Florida, starting on February 3, 2024.  The rental agreement was signed and initialed by PEASE. Enterprise provided toll statements showing that the vehicle

went through a toll booth located near the agreed-upon fast food restaurant twice: approximately seven minutes before and six minutes after PEASE reported being at the fast food restaurant. Enterprise's response to the subpoena also revealed the driver's license number of the person who had rented the vehicle.  A search of the Florida Driver and Vehicle Information Database (DAVID) on March 6, 2024, confirm that the driver's license provided by Enterprise belonged to PEASE.

15.     On or about February 09, 2024, the Osceola County Sheriff's Office (OCSO) served T-Mobile with a search warrant requesting account information associated with phone number 407-488-2103, the number PEASE used to communicate with the UCA. On February 15, 2024, T-Mobile provided the following subscriber information:

> Subscriber Name: N.B.
>
> Subscriber Address: [Commercial address in Fort Pierce, FL]
>
> Subscriber Name Effective Date: 12/09/2022
>
> Phone Model: BYODIPHONE

16.     Law enforcement records reflect that N.B. is PEASE's wife. Moreover, the TARGET PHONE's number and the subscriber address provided by T-Mobile are registered to PEASE in the FDLE Sexual Offender and Predator System. The subscriber address is listed as an employment address which was entered on January 26, 2021.

17.     T-Mobile also provided cell tower location information. A review of the

cell tower location information between 12:32 AM and 12:46 AM EST on February

04, 2024, shows PEASE's phone in the vicinity of the proposed meet location

([XXXXXXXXXX], Kissimmee, FL 34744).

18.     In fact, the location data shows PEASE's phone in several

neighborhoods adjacent to the meet location, many of which only have one way in

and out. Based on my training and experience, this pattern of activity coupled with

comments that PEASE made during the chat with the UCA is consistent with

PEASE conducting counter-surveillance activity.

19.     On February 29, 2008, PEASE was convicted of violation of Fla. Stat.

§ 847.0138(2) (Send Minor Harmful Info) and is currently a registered sex offender.

On October 28, 2019, Orlando Police Department (OPD) responded to a complaint

from N.B. (PEASE's wife) alleging PEASE had unregistered internet identifiers and

was possibly talking in a sexual manner to a thirteen-year-old child.

20.     On April 11, 2024, HSI executed a federal search warrant at PEASE's

residence in Fort Pierce, Florida. During the search, HSI interviewed PEASE who

made the following post-Miranda statements. PEASE admitted his ownership of the

TARGET PHONE and TARGET EMAIL. PEASE also stated he was the only one

with access to that email account and phone. PEASE admitted to renting a SUV

from Enterprise and traveling to Orlando sometime in February. PEASE stated he

saw an ad on Doublelist to which he replied, and thereafter spoke to an unknown

individual (the UCA) who was offering to let him (PEASE) have sex with the

unknown individual's daughter. PEASE explained he traveled to the agreed upon

restaurant with the intent to follow the unknown individual back to the individual's house and "mess around" with the individual's daughter. PEASE clarified that by "mess around" he meant engage in sex with the daughter and specifically mentioned oral sex. PEASE stated that he did not remember the age of the daughter but he knew she was underage. When shown a decoy photo of the purported child that had been sent to him during the undercover communication, PEASE told the agents that the decoy looked to be approximately 14 years old.

## **CONCLUSION**

21.     Based on the above, I submit that there is probable cause on or about February 3, 2024 and February 4, 2024, PEASE, using facilities and means of interstate commerce, that is, the Internet and a cell phone, did knowingly attempt to persuade, induce, and entice an individual whom he believed had not attained the age of 18 years, to engage in sexual activity for which he could have been charged with lewd or lascivious battery (engage in sexual activity with a person 12 years of

[THIS SPACE INTENTIONALLY LEFT BLANK]

age or older but less than 16 years of age), in violation of Florida Statutes

§ 800.04(4)(a)(1) & (2), all in violation of 18 U.S.C. § 2422(b).

_____
Albert Grooms, Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to me
as true and accurate via Zoom consistent
with Fed. R. Crim. P. 4.1 and 41(d)(3)
before me this 11th day of April 2024.

_____
HON. ROBERT M. NORWAY
United States Magistrate Judge

9